# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL L. MUEHL,

      Plaintiff,

      v.                                             Case No. 10-C-270

JOHN DOES, 3rd *Shift Correctional Officers*,
and JANE DOES, 3rd *Shift Correctional Officers*,

      Defendants.

ORDER GRANTING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* (DOC. # 2) AND FOR IDENTIFICATION OF DEFENDANTS (DOC. # 3 AND DOC # 6)

      Plaintiff, Michael L. Muehl, is incarcerated at the Green Bay Correctional Institution. Muehl has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the defendants have violated his civil rights, and has paid a $1.62 initial partial filing fee.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A complaint or portion thereof must be dismissed if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      To avoid dismissal for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a complaint must allege that: (1) the plaintiff was deprived of a federal right; and (2) the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Courts construe *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but "if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

According to his complaint, Muehl injured himself on several occasions while confined in an observation cell for suicidal inmates at Waupun Correctional Institution. Specifically, Muehl contends that he cut his forearms or wrists during the third shift on September 15, October 3, November 18, and November 19, 2008, and is seeking to recover from the Jane or John Doe correctional officers who worked in the prison segregation unit on those occasions. According to Muehl, those correctional officers were supposed to be observing him through observation windows and a surveillance camera in his cell, yet were deliberately indifferent to his safety and failed to prevent him from harming himself. Consequently, Muehl requests a declaration that the defendants violated his constitutional rights, along with unspecified compensatory and punitive damages.

The Eighth Amendment bans "cruel and unusual punishments" and prison officials are therefore required "to take reasonable measures to guarantee the safety of inmates." *Minix v. Canarecci*, 597 F.5d 824, 830 (7th Cir. 2010). A § 1983 claim based upon an Eighth Amendment violation has two elements: "(1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk." *Id.* at 831. In cases involving a prisoner's "suicide or attempted suicide, the second, subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006).

At this stage in the proceedings, Muehl has adequately stated a claim that third shift correctional officers violated his Eighth Amendment rights by failing to protect him from cutting his wrists and forearms when he was confined in a prison observation cell for suicidal inmates. However, because he does not know which correctional officers were working when he injured himself, he has filed two motions asking the Waupun Correctional Institution to identify those officers. The Court of Appeals for the Seventh Circuit has noted that

> . . . many cases, most famously *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) . . . take for granted the right to sue unknown injurers. Of course, eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the court's personal jurisdiction . . .

*Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995). Therefore,

3

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is GRANTED.

IT IS FURTHER ORDERED that the plaintiff's motions for identification of defendants (Doc. # 3 and Doc. # 6) are granted. On or before May 28, 2010, the Warden of Waupun Correctional Institution shall produce for the plaintiff the names of the correctional officers who worked third shift in the segregation unit on September 15, October 3, November 18 and November 19, 2008.

IT IS FURTHER ORDERED that on or before June 28, 2010, the plaintiff shall file an amended complaint naming the proper defendants. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint.

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Attorney General and this court, copies of the plaintiff's complaint and this order are being sent today to the Attorney General for service on the Warden of Waupun Correctional Institution.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.38 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

    Honorable Chief Judge Charles N. Clevert
    % Office of the Clerk
    United States District Court
    Eastern District of Wisconsin
    362 United States Courthouse
    517 E. Wisconsin Avenue
    Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2010.

        BY THE COURT

        /s/ C. N. Clevert, Jr.
        C. N. CLEVERT, JR.
        Chief U.S. District Judge