UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL L. MUEHL,

    Plaintiff,

v.                  Case No. 10-C-270

MEGAN HALL, CARLA BROCKHOUS,
SHANE WALLER, ERIC MOON, JESSIE JONES,
SHAWN MCLINN, SHAWN MARTIN, CODY BRATZ,
SHANE GIZA, and JUSTIN BEEKMAN,

    Defendants.

ORDER DISMISSING CARLA BROCKHOUS AND JESSIE JONES; GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. # 24); DENYING DEFENDANTS' MOTION TO STAY DISCOVERY (DOC. # 24); DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT (DOC. # 29), TO COMPEL DISCOVERY AND DISMISS DEFENDANTS' MOTION (DOC. # 33), AND TO VOLUNTARILY DISMISS THIS CASE (DOC. # 43); AND GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO RESPOND (DOC. # 41) AND TO DISMISS PREVIOUS MOTION TO DISMISS (DOC. # 45); AND SETTING NEW DISCOVERY AND FILING DEADLINES

*Pro se* plaintiff, Michael L. Muehl, is proceeding *in forma pauperis* on a § 1983 claim that the correctional officer defendants violated his Eighth Amendment rights by failing to protect him from cutting his wrists and forearms on September 15, October 3, November 18, and November 19, 2008, while he was confined in an observation cell for suicidal inmates at the Waupun Correctional Institution. Before the court are the defendants' motions for partial summary judgment and a stay of discovery, as well as several motions filed by Muehl.

Defendants' Motions for Partial Summary Judgment and Stay of Discovery

The defendants request partial summary judgment dismissing Muehl's claims regarding his injuries from September 15 and October 3, 2008, due to his failure to exhaust

his administrative remedies regarding those claims.  The defendants also ask the court to stay all discovery relating to those claims.

In response, Muehl seeks the dismissal of his claims against defendants Carla Brockhous and Jessie James.  Also, he maintains that he 'is not per se, suing the defendants for each separate incident but rather the pattern of conduct of callous indifference which led to ... [his] November 18 and 19, 2008 suicide attempts." Further, he submits the remaining defendants are all connected to the events on those dates and that the events of September 15 and October 3 are relevant and discoverable.  (Plaintiff's Reply Brief, Doc. # 41-4 at 5).

In accordance with Muehl's request,  defendants Brockhous and James will be dismissed as defendants.  In addition, the defendants' motion for partial summary judgment will be granted based on Muehl 's response to the motion indicating that he does not dispute that he failed to exhaust his administrative remedies as to separate claims for injuries dating from September 15 and October 3, 2008.  Hence, it is appropriate to dismiss from this action any claims for injuries arising from events on September 15 and October 3.  However, this dismissal has to be without prejudice in accordance with 42 U.S.C. § 1997(e)(a).  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[*A*]*ll* dismissals under § 1997(e)(a) should be without prejudice.") (emphasis in original).

On the other hand, the defendants' motion to stay all discovery regarding the events of September 15 and October 3, 2008, must be denied.  In pursuing his ongoing claim, Muehl seeks to establish a pattern of callous indifference that led to his November 18 and 19, 2008, suicide attempts.  Consequently, he is entitled to pursue discovery related to those incidents, as it may assist him in pursuing his remaining claim, regardless

2

of whether he exhausted administrative claims arising from separate incidents during relevant periods before or after November 18, 2008. See Fed. R. Civ. P. 26(b)(1) (permitting "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").

Muehl's Motions

Muehl's December 17, 2010, motion for leave to file an additional response was unopposed and the court has reviewed and considered his reply brief. Muehl also moved on February 7, 2011, to withdraw his December 21, 2010, motion to voluntarily dismiss this action. Therefore his dismissal will be withdrawn. On November 22, 2010, Muehl also filed two documents which are captioned as motions. These will be denied as they are really response briefs rather than requests for relief. Finally, Muehl also filed a motion to compel discovery. This motion fails to comply with the applicable local rule requiring the movant to describe his attempts to confer with the opposing party regarding the discovery dispute. See Civil Local Rule 37 (E.D. Wis.). Therefore,

IT IS ORDERED that Carla Brockhous and Jessie Jones are DISMISSED as defendants.

IT IS FURTHER ORDERED that the defendants' motion for partial summary judgment (Doc. # 24) is GRANTED and any claims for injuries suffered on September 15 or October 3, 2008, are dismissed without prejudice, pursuant to 42 U.S.C. § 1997(e)(a), due to the plaintiff's failure to exhaust his administrative remedies regarding events occurring on those dates.

IT IS FURTHER ORDERED that the defendants' motion to stay discovery (Doc. # 24) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motions for judgment (Doc. # 29), to compel discovery and dismiss the defendants' motion (Doc. # 33), and to voluntarily dismiss this action (Doc. # 43), are DENIED.

IT IS FURTHER ORDERED that the plaintiff's motions for leave to respond (Doc. # 41) and to dismiss the previous motion to dismiss (Doc. # 45) are GRANTED in part, insofar as the court has read and considered the plaintiff's late filings, and has noted the plaintiff's desire not to voluntarily dismiss this action.

IT IS FURTHER ORDERED that all requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **May 27, 2011.**

IT IS FURTHER ORDERED that all dispositive motions, together with briefs, are to be filed no later than **June 27, 2011**.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge